**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS**, <br><br> Plaintiff, <br><br> v. <br><br> **FEDERAL BUREAU OF INVESTIGATION**, <br><br> and <br><br> **UNITED STATES DEPARTMENT OF JUSTICE** <br><br> Defendants. | Civil Action No. 18-cv-00345 (RJL) |
| **THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS** <br><br> and <br><br> **THE ASSOCIATED PRESS,** <br><br> Plaintiffs, <br><br> v. <br><br> **FEDERAL BUREAU OF INVESTIGATION** <br><br> and <br><br> **UNITED STATES DEPARTMENT OF JUSTICE** <br><br> Defendants. | Civil Action No. 15-cv-01392 (RJL) |

## MOTION TO CONSOLIDATE

Pursuant to Fed. R. Civ. P. 42 and Local Civ. R. 40.5, the Reporters Committee for

Freedom of the Press (the "Reporters Committee" or "RCFP"), by and through its undersigned

counsel, hereby moves to consolidate the above-captioned actions.  These two actions in which the Reporters Committee is a plaintiff are against the same defendants and involve common facts and legal arguments; as such, consolidating the two actions for all purposes would conserve both party and Court resources, and serve the interest of judicial efficiency.

Counsel for the Federal Bureau of Investigation ("FBI") and the United States Department of Justice ("DOJ") (collectively, "Defendants" or the "Government") has represented that Defendants intend to oppose this motion to consolidate.  Counsel for the Associated Press ("AP"), co-plaintiff with the Reporters Committee in Civil Case No. 15-01392, consents to consolidation.

## BACKGROUND

The above-captioned actions both concern Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), requests seeking records related to the FBI's practice of impersonating members of the news media.  As described in detail below, the FOIA request at issue in Civil Action No. 18-00345 seeks essentially the same categories of records as the FOIA requests at issue in the earlier filed Civil Action No. 15-01392; in light of the search "cut-off" dates previously used by Defendants, however, the request at issue in Civil Action No. 18-00345 seeks records from a more recent time period.

### I.    Civil Action No. 15-01392.

In October 2014, it came to light that the FBI had masqueraded as a member of the news media in 2007 in order to successfully deliver malicious computer software ("malware") via a link to a fake news article sent to a criminal suspect near Seattle, Washington (the "Seattle/Timberline Incident").  The news captured national attention; it prompted outcry from

members of the press and public, inquiries from two leading members of Congress, and public statements from a number of FBI officials, including then-FBI Director James Comey.

The Reporters Committee and the AP submitted three FOIA requests in October and November 2014 (the "2014 Requests") seeking essentially three separate categories of records: (1) records concerning the Seattle/Timberline Incident; (2) records concerning other instances in which the FBI impersonated a member of the news media or used links to news media articles in order to deliver malware to a suspect; and (3) the guidelines and policies governing the FBI's impersonation of the news media. The Reporters Committee and the AP filed suit on August 27, 2015, after the Government failed to produce any records in response to the 2014 Requests. *See* Compl., *Reporters Comm. for Freedom of the Press v. FBI* ("2015 Action"), No. 15-cv-01392 (D.D.C. Aug. 27, 2015).

After the 2015 Action was filed, Defendants released 186 pages of records, most of which were heavily redacted, to the Reporters Committee and AP in response to the 2014 Requests. Mem. of Law in Opp'n to Def.'s Mot. for Summ. J. and in Supp. of Pls.' Mot. for Summ. J. and/or Partial Summ. J. at 1, 2015 Action, ECF No. 19-1. The majority of the records that were released pertained solely to the Seattle/Timberline Incident; none related to any other specific incident of media impersonation, and all but 11 pages dated from 2007. *Id.* Notwithstanding the fact that no records were released to Plaintiffs until after the 2015 Action was filed in August of 2015, in conducting their search for records responsive to the 2014 Requests, Defendants used search "cut-off" dates of December 11, 2014, and January 6, 2015. Final Br. of Appellees at 8, 10, *Reporters Comm. for Freedom of the Press v. FBI*, No. 17-5042 (D.C. Cir. Sept. 5, 2017).

The Court granted Defendants' motion for summary judgment on February 23, 2017. The Court concluded, *inter alia*, that the FBI had established that its search for records in response to the 2014 Requests was adequate. Memorandum Opinion at 9, 11–15, 2015 Action, ECF No. 27. The Reporters Committee and the AP timely appealed. The scope of their appeal was limited to the adequacy of Defendants' search for responsive records. *Reporters Comm. for Freedom of the Press v. FBI*, 877 F.3d 399, 402 (D.C. Cir. 2017).

On December 15, 2017, the Court of Appeals for the D.C. Circuit reversed. After reviewing the record *de novo*, it concluded that Defendants had not carried their burden of demonstrating that the FBI conducted an adequate search for records in response to the 2014 Requests. *Id.* at 408. The D.C. Circuit concluded, *inter alia*, that the record demonstrated that the FBI Director's Office was "intimately involved" in the agency's response to the public outcry over the Seattle/Timberline Incident, and thus that the FBI should have, but failed to, search the Director's Office for responsive records. *Id.* at 406–07. The D.C. Circuit issued its mandate, and the case was remanded back to this Court on February 8, 2018. Mandate, *Reporters Comm. for Freedom of the Press v. FBI*, No. 17-5042 (D.C. Cir. Feb. 8, 2018).

## II.   Civil Action No. 18-00345.

On December 5, 2017, the Reporters Committee submitted an additional FOIA request to the FBI (the "2017 Request"). The 2017 Request seeks substantially the same categories of records sought in the 2014 Requests—including (1) records referencing the FBI's utilization of links to news media articles in order to deliver malware to a suspect; and (2) records concerning the FBI's guidelines and policies concerning undercover operations or activities in which a person may impersonate a member of the news media—but updates the timeframe for which records are sought to reflect the substantial amount of time that has passed since the 2014

Requests were submitted.  *Compare* Compl. at 7–10, 2015 Action, ECF. No. 1 *with* Compl. at 8–9, *Reporters Comm. for Freedom of the Press v. FBI* ("2018 Action"), No. 18-cv-00345 (D.D.C. Feb. 14, 2018) (requesting records "to present").  The 2017 Request also seeks specific records concerning the FBI's changes to its guidelines and policies regarding the impersonation of members of the news media cited in a 2016 report on the Seattle/Timberline Incident issued by the DOJ Office of the Inspector General.  *See* Office of the Inspector General, U.S. Department of Justice, *A Review of the FBI's Impersonation of a Journalist in a Criminal Investigation* (2016), https://oig.justice.gov/reports/2016/o1607.pdf.  It is the Reporters Committee's understanding that those records were not located by the FBI's search for records responsive to the 2014 Requests because of the search "cut-off" dates used by the FBI.

The Reporters Committee filed suit against Defendants on February 14, 2018, concerning the 2017 Request.  *See* Compl., 2018 Action, ECF. No. 1.  The Reporters Committee noticed the 2018 Action as related to the earlier 2015 Action, and it was assigned to this Court.

## ARGUMENT

When two or more "actions before the court involve a common question of law or fact, the court may … consolidate the actions."  Fed. R. Civ. P. 42(a).  Consolidation "relieves the parties and the Court of the burden of duplicative pleadings and Court orders."  *New York v. Microsoft Corp.*, 209 F.Supp.2d 132, 148 (D.D.C. 2002).  In determining whether consolidation is appropriate, a district court weighs judicial efficiency and economy "against considerations of confusion and prejudice."  *Hanson v. District of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009) (quoting *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003)).  Actions between the same parties "are apt candidates for consolidation," particularly if they "involve substantially the same witnesses and arise from the same series of events or facts."  *Id.*

This Court has regularly consolidated cases involving similar or related FOIA requests. *See, e.g.*, Order, *Media Research Center v. Dep't of Justice*, No. 10-cv-02013 (D.D.C. Apr. 21, 2011) (consolidating FOIA cases with different plaintiffs "for the purpose of resolving the legal issues common to both cases"); Order, *Am. Civil Liberties Union v. Dep't of Justice*, No. 06-cv-00214 (D.D.C. Feb. 9, 2006); Order, *Long v. Dep't of Justice*, No. 02-cv-02467 (D.D.C. May 12, 2003) (granting a motion to consolidate "[b]ecause the Court wishes to decide the common issues in these two related cases only once"); *Judicial Watch, Inc. v. Dep't of Energy*, 207 F.R.D. 8, 9 (D.D.C. 2002) (finding consolidation of cases involving similar FOIA requests would be "in the interest of promoting judicial economy and preventing potentially inconsistent rulings").

These cases are appropriate for consolidation because they share common issues of law and fact.  Consolidation will therefore allow the cases to be more efficiently litigated and will prevent inconsistent rulings.  Though courts have denied motions to consolidate cases involving *different* FOIA requests to *different* agencies, *see Nat'l Sec. Counselors v. CIA*, 322 F.R.D. 41 (D.D.C. 2017), all of the FOIA requests at issue in these two cases are directed to the same two agencies (DOJ and FBI), and seek the same categories of records regarding the same FBI practice.  Indeed, the primary purpose of the 2017 Request is to bring the 2014 Requests up to date, by seeking records to the present day.  Because both cases will necessarily address, for example, what records exist within the FBI concerning its practice of impersonating members of the news media, and whether the agency has complied with its obligation under FOIA to conduct a reasonable search for such records, consolidation is appropriate.  *See Chang*, 217 F.R.D. at 265 ("Consolidation is particularly appropriate where . . . 'two cases each involve review of the same underlying decision.'" (quoting *Biochem Pharma, Inc. v. Emory Univ.,* 148 F.Supp.2d 11, 12 (D.D.C. 2001)).

Any differences between the two actions are peripheral, and do not diminish the strong justifications for consolidation that are present here.  For example, though the AP is not a co-plaintiff in the 2018 Action, the same defendants appear in both cases.  *See Hanson*, 256 F.R.D. at 21–23 (consolidating two FOIA cases seeking the same categories of documents where the cases had different plaintiffs but the same agency defendants); *see also* Order, *Media Research Center v. Dep't of Justice*, No. 10-cv-02013 (D.D.C. Apr. 21, 2011).  Further, though the 2017 Request expressly seeks records related to the September 2016 Office of the Inspector General Report concerning the Seattle/Timberline Incident—a category of records that was not expressly sought by the 2014 Requests—that request relates to and overlaps with the same categories of records sought by the 2014 Requests.  In short, all of the records sought by the 2014 Requests and the 2017 Request concern the FBI's impersonation of members of the news media in criminal investigations including, but not limited to, the Seattle/Timberline Incident.

Consolidation of these actions will not result in any prejudice to Defendants.  Indeed, consolidation will "save time and effort for the court and for the defendants by resolving this issue in one proceeding rather than two."  *Hanson*, 256 F.R.D. at 21–23.

In sum, both of the above-captioned actions in which the Reporters Committee is a Plaintiff are against the same Defendants, arise out of FOIA requests for the same categories of records pertaining to the same subject matter, and will involve overlapping questions of law and fact.  Given these commonalities, consolidation would not confuse the issues or prejudice any party; consolidation will conserve party and Court resources, and is in the best interest of judicial efficiency.

## <u>CONCLUSION</u>

For the reasons stated above, the Court should find that consolidation of Civil Case No. 15-01392 and Civil Case No. 18-00345 is appropriate and grant the Reporters Committee's motion.

Dated March 9, 2018

Respectfully submitted,

<u>/s/ Katie Townsend</u>
Katie Townsend
DC Bar No. 1026155
Adam A. Marshall
DC Bar No. 1029423
Jennifer A. Nelson
DC Bar No. 1011387
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1250
Washington, DC 20005
Phone:  202.795.9300
Facsimile:  202.795.9310
Email:  ktownsend@rcfp.org

*Counsel for Plaintiff*
*The Reporters Committee*
*for Freedom of the Press*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 9, 2018, an electronic copy of the foregoing Motion to

Consolidate was served electronically upon all parties in the case.  I certify that all participants in

the case are CM/ECF users and that service will be accomplished by the CM/ECF system.

<em>/s/ Katie Townsend</em>